## Monroe et al., Appellants, *v.* Diamond.

*Contract—Sale—Severable contract—Installments—Rescission.*

1. Whether or not a contract to sell goods to be delivered and paid for in installments, can be wholly rescinded because of a breach regarding one of the installments, always depends on the materiality of the breach as determined by the contract itself and the circumstances of the case.

2. Under such circumstances, the fact that the contract is severable, is not alone sufficient to defeat the right to rescind.

Argued January 14, 1924. Appeal, No. 188, Jan. T., 1924, by plaintiffs, from judgment of C. P. No. 5, Phila. Co., March T., 1920, No. 3824, on verdict for defendant, in case of Frank Monroe et al., trading as Monroe, Lederer & Taussig v. Patrick Diamond, trading as Diamond, McDonnell Company. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for breach of contract of sale. Before MONAGHAN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant. Plaintiffs appealed.

*Error assigned* was, inter alia, portion of charge referred to in opinion of Supreme Court, quoting it.

*I. Emanuel Sauder,* with him *Brown & Williams,* for appellants.—The contract being in writing, without ambiguity, and there being no dispute as to the material facts, its construction was for the court: Shafer v. Senseman, 125 Pa. 310; Corcoran v. Ins. Co., 183 Pa. 443; Elliott v. Wanamaker, 155 Pa. 67; Kimbrough v. Hoffman, 6 Pa. Superior Ct. 60; Laugenheim v. Anschutz-

Bradberry Co., 2 Pa. Superior Ct. 285; Producers Coke
Co. v. Hillman, 243 Pa. 313.

The contract being severable, the fact that the October,
1918, shipment varied from the sample, was immaterial
and gave purchaser no right to rescind the contract:
Eller v. Cambridge Springs Co., 18 Pa. Superior Ct. 44;
Rugg & Bryan v. Moore, 110 Pa. 236; Fullmer v. Poust,
155 Pa. 257.

*Frank A. Harrigan,* for appellee, cited: Producers'
Coke Co. v. Hillman, 243 Pa. 313.

OPINION BY MR. JUSTICE SIMPSON, February 4, 1924:

Plaintiffs agreed to sell to defendant certain Prus-
sian blue, which was to be equal to a sample shown, and
was to be delivered and paid for in installments.   Al-
leging that the quality was grossly defective, defendant
refused to receive the first shipment, and rescinded the
contract.   He also rejected all later tenders, whereupon
this suit was brought to recover the difference between
the contract and market prices at the times and place of
delivery.

At the trial, plaintiffs admitted that the blue first sent
was inferior to the sample, and for this reason they had
agreed to and did receive it back; but they alleged the
defect was slight and, since the contract was severable,
this breach alone would not warrant its entire rescission.
Defendant claimed that section 45, Second, of the Sales
Act of May 19, 1915, P. L. 543, 555, expressly justified
such action whenever, as here, the contract itself, and
the circumstances of the case, authorized the conclusion
that the breach was a material one.   The trial judge, fol-
lowing the language of the statute, told the jury that, if
they found the breach was material, the defendant was
entitled to a verdict.   The jury so found; and thus arises
the only important point to be considered by us, there
being ample evidence to sustain the submission, if the
statute applies to agreements of this character.

It is a little difficult to appreciate plaintiff's contention, since the following quotation of the provision referred to, shows that the statute clearly applies to the contract in suit: "Where there is a contract to sell goods to be delivered by stated installments, which are to be separately paid for, and the seller makes defective deliveries in respect of one or more installments, or the buyer neglects or refuses to take delivery of or pay for one or more installments, it depends in each case on the terms of the contract, and the circumstances of the case, whether the breach of contract is so material as to justify the injured party in refusing to proceed further and suing for breach of the entire contract, or whether the breach is severable, giving rise to a claim for compensation, but not to a right to treat the whole contract as broken."

"Whether the breach is severable," is perhaps not the happiest method of expressing the thought of the lawmaker, but those words do not refer to the severability or entirety of the contract itself, nor render uncertain the plain language of the preceding part of the section. Their meaning simply is that in each particular case it must be determined whether or not the "breach of contract is so material" as to "justify the injured party in refusing to proceed further......[with] the entire contract," or is so immaterial that the "breach is severable, giving rise to a claim for compensation, but not to a right to treat the whole contract as broken." The reason and spirit of the law make this clear. Obviously the question as to whether or not defendant was materially injured by plaintiff's breach, "depends......[not only] on the terms of the contract,......[but also on] the circumstances of the case," and this must be so in every broken contract of sale. Hence, the law, which seeks to remedy the wrong actually done, now wisely conditions the relief on the materiality of the breach, as thus determined, and not merely on the form of the contract.

It is not necessary to pursue the subject further; those who wish to do so are referred to Uniform Laws Annotated, volume 1, pages 158 to 165.

The judgment of the court below is affirmed.